**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CARY FROUNFELTER;**
**KAST ORTHOTICS AND**
**PROSTHETICS, INC.,**

          **Plaintiffs,**

**v.**                                     **Case No.  8:08-cv-155-T-24TBM**

**MICHAEL O. LEAVITT, in his official**
**capacity as SECRETARY, UNITED**
**STATES DEPARTMENT OF HEALTH**
**AND HUMAN SERVICES,**

          **Defendant.**
_____/

## REPORT AND RECOMMENDATION

      THIS MATTER is before the court on referral by the Honorable Susan C. Bucklew

for a Report and Recommendation on **Plaintiff's Motion for Temporary Restraining Order**

**and for Preliminary Injunction** (Doc. 2) and Defendant's response in opposition (Doc. 14)

and **Defendant's Motion to Dismiss** (Doc. 15) and Plaintiff's response (Doc. 17).  The court

heard oral arguments on March 5, 2008.

I.

A.

      Plaintiff Cary Frounfelter is a prosthetist-orthotist licensed by the State of Florida to

practice prosthetics and orthotics.  Frounfelter is the principal of Plaintiff Kast Orthotics and

Prosthetics, Inc. ("Kast"), a Florida corporation with its principal place of business in Largo,

Florida.  Kast is a supplier of durable medical equipment, prosthetics, orthotics, and supplies.

Kast supplied orthotics and prosthetics to inpatients at HealthSouth's rehabilitation hospital in

Largo, Florida.  Some of its clients/patients were covered under the federal and federal/state

health insurance programs, Medicare or Medicaid.

Defendant Michael O. Leavitt ("Secretary") is sued in his official capacity as the

head of the United States Department of Health and Human Services ("HHS"), the federal

agency responsible for administrating Medicare and Medicaid.  Under 42 U.S.C. § 1320a-7,

the Secretary is authorized (or mandated) to exclude individuals and entities from

participation in such federal health care programs under certain limited situations, including

when an individual or entity has been convicted of a program-related crime.  Under 42 U.S.C.

§ 1320a-7a, the Secretary is authorized to impose civil money penalties ("CMP") and exclude

a person from participation in a federal health care program for certain specified violations.

The Secretary has delegated the enforcement of certain administrative sanctions to the HHS

Office of Inspector General ("OIG").

According to the allegations in the Complaint, in May 2004, OIG Agent Christian T.

Jurs interviewed Frounfelter in relation to an investigation into allegedly improper billing

practices of HealthSouth.  In summary, Plaintiffs urge that Frounfelter was misled, duped, and

coerced into cooperating with OIG agents believing that they were only investigating

HealthSouth.  At some point, Plaintiffs became the subject of the OIG's investigation as well,

and Plaintiffs contend that the OIG used incriminating statements made by Frounfelter at the

May 2004 interview as grounds to initiate a CMP and exclusion proceeding against Plaintiffs.

By letter dated June 5, 2007, the OIG notified Plaintiffs that it was proposing to impose a CMP of $100,000.00, an assessment of $42,220.00, and a seven-year exclusion from participation in Medicare, Medicaid, and all federal health care programs. Such sanctions were based the OIG's conclusion that Plaintiffs presented to Medicare claims for services that they knew or should have known were (1) not provided as claimed and/or (2) false or fraudulent. *See* (Doc. 1-3).[1] The claims concerned customized orthotic devices that Kast supplied to inpatients at HealthSouth's rehabilitation hospital in Largo, Florida.

In August 2007, Plaintiffs requested a hearing before an Administrative Law Judge ("ALJ") challenging the proposed CMP, assessment, and period of exclusion.[2] Pursuant to the regulations, Plaintiffs propounded on the OIG requests for production of documents, to which the OIG objected. Ultimately, the ALJ denied Plaintiffs' requests, chiefly on relevance grounds and the fact that he did not have the authority to hear and decide the defenses sought to be raised by Plaintiffs. *See* (Doc. 1-6). Plaintiffs also moved to dismiss the CMP and exclusion proceeding alleging that the OIG had violated applicable law by failing to obtain authorization from the Attorney General prior to initiating the proceeding; that discovery

---

[1]In particular, the notice alleged that during the period from December 16, 1999, to July 13, 2004, Plaintiff submitted fifty-six claims totaling $21,110.18 that violated Medicare's "48 hour rule." *See* (Doc. 1-3 at ¶ II). As a result of claims submitted in violation of this rule, the notice alleged that Plaintiffs were paid $13,501.50 by the Medicare program. *Id.*

[2]In their request for hearing, Plaintiffs challenged the legal and factual basis of the proposed CMP, assessment, and period of exclusion. *See* (Doc. 1-4). In their complaint, the affirmatively assert that the OIG engaged in unconstitutional government conduct that deprived Plaintiffs of their due process rights and equal protection of the law and that the OIG unreasonably delayed instituting the CMP and exclusion proceeding, thereby causing the loss of exculpatory evidence. Additionally, Plaintiffs assert they were subject to impermissible selective prosecution and that OIG should be equitably estopped from imposing any punitive measures based on their investigatorial misconduct. *See* (Doc. 1 at 11).

3

permitted under the regulation was constitutionally inadequate on its face and deprives the accused of an opportunity to defend against such claims; and that the OIG should be estopped from proceeding on the basis of its misconduct in violation of Plaintiffs' due process rights. *See* (Doc. 1-7).  The ALJ denied the motion by ruling dated December 12, 2007.  *See* (Doc. 1-8).  An evidentiary hearing before the ALJ was scheduled for March 10, 2008.[3]  *See id.*

On January 22, 2008, Plaintiffs initiated this action seeking declaratory relief pursuant to 28 U.S.C. § 2201, injunctive relief, and mandamus.  *See* (Doc. 1).  The complaint seeks determination that the Secretary, through his designee, the OIG, (1) may not proceed with a civil money penalties and exclusion proceeding pending against Plaintiffs because he failed to obtain the statutorily required approval of the United States Attorney General prior to initiating the proceeding and (2) that certain of the implementing regulations governing such proceedings unfairly limit the scope of discovery in the administrative proceedings and unduly restrict the authority of the presiding ALJ to consider equitable and constitutional defenses raised by Plaintiffs in violation of their Fifth Amendment due process rights to a fair and meaningful hearing.

By Plaintiffs' assertions, the administrative proceeding now pending against them arise under 42 U.S.C. §§ 1320a-7 *and* 1320a-7a.  Plaintiffs contend that this court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g), as incorporated by reference at 42 U.S.C. § 1320a-7(f)(1), to review the final decision of the Secretary that excludes or directs to be excluded an entity or person from a federal health care program.  While acknowledging that

---

[3]This file does not reflect whether the hearing proceeded as scheduled.

the Secretary has not issued a final decision, Plaintiffs maintain that the exhaustion

requirements of § 405(g) have been waived or should be waived by the court.  Additionally,

Plaintiffs maintain that jurisdiction lies under 28 U.S.C. § 1361, which provides district courts

with original jurisdiction in mandamus actions to compel an officer or employee of the United

States or an agency thereof to perform a duty owed to the Plaintiff.

In Count I, Plaintiffs seek a declaration that the Secretary by and through the OIG,

may not proceed with the CMP and exclusion proceeding due to the OIG's failure to obtain

approval from the Attorney General prior to initiating the proceeding as required by 42 U.S.C.

§ 1320a-7a(c)(1); that the regulations at 42 C.F.R. §§ 1005.4(c)(1), (4), and (7) and 42 C.F.R.

§ 1005.7 are unlawful on their face and as applied and violate due process because they fail to

provide for a full evidentiary pre-determination hearing where an alleged violator can present

constitutional, equitable, and other defenses and obtain discovery necessary to support such

defenses.  In Count II, Plaintiffs seek preliminary and permanent injunctive relief enjoining

the Secretary and OIG from proceeding with the CMP and exclusion proceeding unless and

until he obtains the approval of the Attorney General, and enjoining the enforcement of the

regulations and the proceeding thereunder.

Plaintiffs filed their motion for preliminary injunctive relief on January 22, 2008,

asserting the same legal bases for relief.  *See* (Doc. 2).  The court denied the motion insofar as

the motion sought a temporary restraining order.  *See* (Doc. 5).

B.

By its motion to dismiss (Doc. 14) and memorandum in opposition of Plaintiffs'

motion for preliminary injunction (Doc. 15), the Secretary asserts that this court is without

subject matter jurisdiction to entertain the proceeding and that the court may not proceed at this time given that Plaintiffs have failed to exhaust their administrative remedies as required by the Civil Money Penalties Law ("CMPL"), 42 U.S.C. § 1320a-7a.  More particularly, the Secretary asserts that the proceeding against the Plaintiffs is brought pursuant to the CMPL and therefore the *correct* jurisdictional authority governing judicial review of such cases is found at § 1320a-7a(e), rather than § 1320a-7(f)(1) and § 405(g) as asserted by the Plaintiffs. The Secretary further argues that the CMPL mandates the exhaustion of all administrative remedies prior to judicial review and that the Eleventh Circuit Court of Appeals is the appropriate judicial body to conduct the review under this law in accordance with the provisions of § 1320a-7a(e) and § 405(h).  The Secretary urges that neither the court nor Plaintiffs may waive the exhaustion requirement and that this court is without jurisdiction to entertain a writ of mandamus given the current posture of this case and applicable law.

By their response to the Secretary's motion, Plaintiffs again maintain that regardless of the label the Secretary has placed on the proceeding and irrespective of the fact that the Secretary also seeks to impose a CMP and an assessment, this proceeding is an exclusion proceeding and therefore governed by the provisions of 42 U.S.C. § 1320a-7.  Plaintiffs again argue that judicial review is in the district court under §§ 1320a-7(f)(1) and 405(g), and that the ALJ's refusal to consider the constitutional and equitable defenses raised by Plaintiffs or the constitutionality of the challenged regulations works as a waiver by the Secretary of the statute's exhaustion requirements.  Plaintiffs argue alternatively that this court should waive the exhaustion requirement because Plaintiffs' claims are collateral to their substantive claim of entitlement, colorable in their showing that the refusal of relief sought will cause

6

irreparable injury, and further administrative proceedings are futile.  In addition to their

previous reliance on 28 U.S.C. § 1361, Plaintiffs urge that the court has jurisdiction under 28

U.S.C. § 1331 and such jurisdiction is not barred by the provisions of § 405(h) where the

result would be no review at all of a plaintiff's claim.

In support of their motion for injunctive relief, Plaintiffs urge that exclusion from all

federal health care programs is a "death penalty" for health care suppliers and should they be

excluded here, they will be forced out of business thereby losing their client base, goodwill,

and professional reputation, regardless of whether they may obtain later judicial review.

Consistent with Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs further maintain

that there is a substantial likelihood that they will prevail on the merits of their claim; they

have presented proof of irreparable injury unless an immediate injunction is entered; the injury

to Plaintiff caused by the lack of such injunction far outweighs any harm caused to the

Secretary; and finally that the issuance of an injunction against the Secretary is not adverse to

the public interest.


## II.

It is axiomatic that federal courts are courts of limited jurisdiction and may only hear

cases or controversies authorized by the Constitution and by statute.  *Exxon Mobil Corp. v.*

*Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  A federal court must always dismiss a case

upon determining that it lacks subject matter jurisdiction.  *Federated Mut. Ins. Co. v.*

*McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003); *Goodman ex rel. Goodman v.*

*Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th

7

Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case.").  In the face of a factual challenge to subject matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists.  *OSI, Inc. v. United States,* 285 F.3d 947, 951 (11th Cir. 2002).

Sovereign immunity is jurisdictional in nature and, absent a waiver, shields the federal government and its agencies from suit.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted).  A waiver of sovereign immunity is to be strictly construed in favor of the sovereign.  *Orff v. United States*, 545 U.S. 596, 601-02 (2005) (citing *Dep't of Army v. Blue Fox., Inc.*, 545 U.S. 255, 261 (1999); *Lane v. Peña*, 518 U.S. 187, 192 (1996)).  The Constitution does not waive the government's sovereign immunity in a suit for damages; waiver, if it exists at all, must be explicitly and unequivocally authorized by the statute giving rise to the cause of action.  *United States v. Testan*, 424 U.S. 392, 399 (1976); *Harbert v. United States*, No. 06-10797, 2006 WL 3298385, at *3 (11th Cir. Nov. 14, 2006); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982).  "Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them."  *Bowles v. Russell*, 127 S. Ct. 2360, 2365 (2007).

III.

Plaintiffs contend that the pending administrative proceeding is brought under § 1128 of the SSA, 42 U.S.C. § 1320a-7, to exclude Plaintiffs from participation in federal health care programs.  Under this section, an individual or entity excluded from participation is entitled to notice and an opportunity for hearing as provided in § 405(b) and to judicial review of the

Secretary's post-hearing, final decision pursuant to § 405(g).  *See* 42 U.S.C. § 1320a-7(f)(1).

Under § 405(g), a civil action for review of any final decision of the Secretary[4] shall be

brought in district court.  If the administrative proceeding presently pending before the ALJ

were directed solely toward excluding Plaintiffs from participation in a federal health care

program, Plaintiffs might prevail on their jurisdictional claim that the matter is appropriately

reviewed  in the district court.  However, this is not the case.  As clearly stated in the initial

demand letter of June 5, 2007, the Secretary seeks not only to exclude Plaintiffs from

participating in federal health care programs but also to impose the proposed monetary penalty

and assessment.  *See* (Doc. 1-3).  Thus, as the letter correctly states, the action is brought

under § 1128A of the SSA, codified at 42 U.S.C. § 1320a-7a, for improperly filed claims and

not under § 1320a-7.

It follows from this that pursuant to section 1320a-7a(e), judicial review of this

matter is in the federal court of appeals, not the district court.  Thus, "[a]ny person adversely

affected by a determination of the Secretary under this section may obtain review of such

determination in the United States Court of Appeals for the circuit in which the person

resides, or in which the claim was presented."  *Id.*  Moreover, 42 U.S.C. § 405(h) applies to

such actions for review, *see* 42 U.S.C. § 1320a-7(f)(3), and it expressly states that no decision

of the Secretary shall be reviewed except as provided under the SSA and no action against the

---

[4]Although § 405(g) refers to decision of and actions against the Commissioner of Social Security, § 1320a-7(f)(1) effectively substitutes the Commissioner with the Secretary or the HSS in the statutory language.  *See id.*

9

Secretary[5] may be brought under 28 U.S.C. § 1331 (federal question) or 1346 (United States

as defendant).  42 U.S.C. § 405(h).  Because the provisions of the CMPL, read in conjunction

with § 405(h), set out the exclusive basis by which the decisions of the Secretary or his

designee may be judicially reviewed, the Secretary is correct that Plaintiffs' challenges here

are appropriately brought before the Eleventh Circuit Court of Appeals and not this court (and

only after the administrative process is exhausted).  Accordingly, this court is without subject

matter jurisdiction to review the claims here challenged by Plaintiffs.

Moreover, the claims are not reviewable by this court because Plaintiffs have not

exhausted their administrative remedies.  Even if Plaintiffs were correct that they may proceed

in this court under the provisions of 42 U.S.C. §§ 1320a-7 and 405(g), and I find that they are

not, judicial review is still only available after the Secretary renders a "final decision."  42

U.S.C. §§ 1320a-7(f), 405(g).   In other words, judicial review is not available until Plaintiffs

have exhausted administrative remedies available under the SSA.  *Id.; Heckler v. Ringer*, 466

U.S. 602, 627 (1984).

Plaintiffs acknowledge that the Secretary has not issued a final decision in the

underlying administrative proceedings but argue that the exhaustion requirement has been

waived by the Secretary or should be waived by this court.[6]  Indeed, in limited circumstances,

---

[5]Similar to § 405(g), although § 405(h) refers to findings and decisions of the Commissioner of Social Security, § 1320a-7(f)(3) effectively substitutes the Commissioner with the Secretary in the statutory language.  *See id.*

[6]Plaintiffs maintain that the Secretary has waived the exhaustion requirement based on the ALJ's pre-hearing orders and futility.  *See* (Doc. 2 at 12).  As authority for this argument, Plaintiffs cite to *Weinberger v. Salfi*, 422 U.S. 749, 766-67 (1975); *Mathews v. Eldridge*, 424 U.S. 319, 330-32 (1976); *Crayton v. Callahan*, 120 F.3d 1217 (11th Cir. 1997); and *Bowen v.*

the exhaustion requirement may be waived by the Secretary or deemed waived by the court. *Ringer*, 466 U.S. at 617 (citing *Mathews v. Eldridge*, 422 U.S. at 328; *Mathews v. Diaz*, 426 U.S. 67, 76-77 (1976); *Weinberger v. Salfi*, 422 U.S. at 766-67); *see also Crayton v. Callahan*, 120 F.3d 1217, 1221-22 (11th Cir. 1997). However, in the circumstances of this case, where the statute directs exhaustion; the material facts of Plaintiffs alleged violations of the SSA are disputed; further development of the factual record in the administrative proceedings is necessary to a final decision; and the legal issues presented are not solely collateral constitutional claims, the Secretary has not waived the exhaustion requirement and it would be entirely imprudent for this court to do so.[7] Absent such exhaustion, Plaintiffs are barred from judicial review in any federal court. *Cf. Ringer*, 466 U.S. at 618 ; *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1 (2000);  *Crayton*, 120 F.3d at 1222.

In their opposition to Defendant's motion to dismiss, Plaintiffs assert for the first time "a colorable claim" that this court has federal question jurisdiction under 28 U.S.C. § 1331.  *See* (Doc. 17 at 3, 16).  Plaintiffs acknowledge the jurisdictional limitations set out in

---

*City of New York,* 476 U.S. 467 (1986).  Even if the Secretary has not waived exhaustion, Plaintiffs urge that their constitutional claims are collateral to the issues before the ALJ and cannot be addressed through further development of the record in the administrative proceedings, the harm of an adverse ruling would be irreparable and the requirement of exhaustion should be waived by the court.  *Id.* at 13-14.  By their arguments, the case is within the exceptions to exhaustion carved out by the courts in cases such as *Bowen* and *Eldridge,* than the cases cited by the Secretary, which they find distinguishable.

[7]Plaintiffs' counsel concedes that the primary dispute here concerns the Plaintiff's exclusion from federal health care programs for seven years.  Plaintiffs' evidentiary presentation in their defense, including their evidence in mitigation of the propose exclusion is necessary to a final decision in this matter and the court would be ill-advised to interfere in any way in the development of that record which conceivably could result in an outcome favorable to the Plaintiffs.

42 U.S.C. § 405(h):  "No action against . . . the [Secretary] . . . shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."  However, Plaintiffs urge that § 405(h) should not apply or bar this court's federal question jurisdiction and ability to enter injunctive relief at this stage of the proceedings because to do so would effectively preclude judicial review.[8]  More particularly, Plaintiffs contend that should the Secretary impose the "death penalty," that is, order them to be excluded from federal health care programs, they would be forced entirely out of business because of the loss of their client base, goodwill, and professional reputation, and all without the benefit of judicial review.  *See* (Doc. 17 at 17-18).  This argument is unavailing.  The factual circumstances in the cases cited by Plaintiffs are distinguishable, and Plaintiffs have failed to cite any other authority that would allow them to circumvent the jurisdictional limitations of § 405(h) simply because they raise claims for declaratory and/or injunctive relief, whether based on Constitutional grounds or equitable considerations.  On the contrary, the decisions in *Ringer*; *Illinois Council;* and *Am. Academy of Dermatology v. Dep't of Health & Human Servs.*, 118 F.3d 1495, 1497-98 (11th Cir. 1997), counsel a contrary conclusion.  Given the fact that Plaintiffs will have the benefit of meaningful judicial review in the court of appeals after final decision of the Secretary and that any adverse ruling of the Secretary may stayed pending such review, the bar to this court's review under § 1331, set forth in § 405(h), applies.

---

[8]Plaintiffs cite to the dissent in *Illinois Council*; *National Association of Psychiatric Health Systems v. Shalala*, 120 F. Supp. 2d 33 (D.D.C. 2000); and *American Lithotripsy Society v. Thompson*, 215 F. Supp. 2d 23 (D.D.C. 2002), in support of their position that despite the express directive in § 405(h), this court's jurisdiction under § 1331 is not barred because such result would allow for no review at all of their claims.  *See* (Doc. 17 at 16-17).

Finally, Plaintiffs argue that this court has jurisdiction under 28 U.S.C. § 1361 because Plaintiffs seek mandamus relief compelling the Secretary to comply with 42 U.S.C. § 1320a-7a(c).  In their response in opposition to the Secretary's motion, Plaintiff urges summarily that "[m]andamus is appropriate where the party seeking a writ has a clear right to the relief sought and the responding party has a duty to perform the act amounting to the relief sought."[9]  (Doc. 17 at 3).  By their complaint, Plaintiffs allege the Secretary violated the mandatory provisions of 42 U.S.C. § 1320a-7a(c)(1) by failing to obtain authority from the Attorney General prior to initiating the CMP and Exclusion proceeding.  (Doc. 1 at 4). However, a common law writ of mandamus as codified in 28 U.S.C. § 1361 provides the plaintiff a remedy only if he has "exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  *Ringer*, 466 U.S. at 616 (citing *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402-03 (1976)).  Plaintiffs have failed to make a showing as to either requirement, and they otherwise have an adequate statutory remedy.  Thus, mandamus relief is unavailable in this instance.[10]

---

[9]Plaintiffs cite to *United States ex rel. Rahman v. Oncology Associates, Inc.,* 198 F.3d 502 (4th Cir. 1999).

[10]Upon this finding, the court need not address whether mandamus jurisdiction is foreclosed by § 405(h).  *See Ringer*, 466 U.S. at 616-17.

13

IV.

Upon a determination that the court is without subject matter jurisdiction, I

recommend that the court GRANT Defendant's Motion to Dismiss (Doc. 15), DENY as moot

Plaintiffs' Motion for Preliminary Injunction (Doc. 2), and direct the Clerk to close the file.

Respectfully submitted on this
24th day of March 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations

contained in this report within ten days from the date of its service shall bar an aggrieved party

from attacking the factual findings on appeal and a *de novo* determination by a district judge.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D.

Fla. R. 4.20.

Copies to:
The Honorable Susan C. Bucklew, United States District Judge
Counsel of Record

14